**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**LUTHER LEWIS**                                                                              **PLAINTIFF**
**ADC #156922**

**VS.**                                          **4:21-CV-00015-BRW**

**MIKE FUENTES,** *et al.*                                                          **DEFENDANTS**

<u>**ORDER**</u>

Pending is Plaintiff Luther Lewis's ("Plaintiff") Motion to Stay.[1]  Plaintiff's Motion

(Doc. No. 22) is GRANTED.

Plaintiff asks that his case be stayed pending the resolution of his criminal case.[2]  In

*Younger v. Harris,*[3] the Supreme Court held that federal courts should abstain from interfering in

ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity
> to the legitimate interests of both State and National Governments, and in which
> the National Government, anxious though it may be to vindicate and protect federal
> rights and federal interests, always endeavors to do so in ways that will not unduly
> interfere with the legitimate activities of the States.[4]

The *Younger* abstention doctrine is appropriate where: (1) there is an ongoing state

proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue for

reviewing his constitutional claims in state court.[5]  Here, Arkansas has an important interest in

---

[1] Doc. No. 22.

[2] *Id*. at 1.

[3] 401 U.S. 37, 43-45 (1971).

[4] *Id*. at 44.

[5] *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994).

adjudicating the charges against Plaintiff, and he may raise the constitutional issues before the state court.  Plaintiff has not pled any extraordinary circumstances that would warrant intervention in the state proceedings.[6]  When, as here, a plaintiff seeks damages, his case should be stayed under *Younger*.[7]  Accordingly, Plaintiff's case is stayed and administratively terminated until the criminal charges against him have been fully resolved, including any appeal.

The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Plaintiff's criminal charges.  This case is subject to reopening upon Plaintiff's filing of a motion to reopen the case after such final disposition.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of this order would not be taken in good faith.

IT IS SO ORDERED this 9th day of April, 2021.


Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[6] *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

[7] *Night Clubs*, *Inc. v. City of Fort Smith*, 163 F.3d 475, 481-82 (8th Cir. 1998).

2